[No. B011620. Second Dist., Div. Three. Apr. 29, 1986.]

KEITH ALAN LASKO, Plaintiff and Appellant, v.
VALLEY PRESBYTERIAN HOSPITAL et al.,
Defendants and Respondents.

**[Opinion certified for partial publication.*]**

---

*Pursuant to rule 976.1 of the California Rules of Court, it is ordered that the opinion be partially published and that the following portions be deleted from the published version: factual statement as to Valley Medical Center; appellant's contention number 3; respondent's contention numbers 2 and 3; and parts III, IV and V of the Discussion.

**COUNSEL**

Fortune & Faal and Edi M. O. Faal for Plaintiff and Appellant.

Harrington, Foxx, Dubrow, Canter & Keene, Dale B. Goldfarb, Mark W. Flory and John M. Julius III for Defendants and Respondents.

## OPINION

**LUI, Acting P. J.—**

### PROCEDURAL BACKGROUND

Appellant, Keith Alan Lasko, M.D., appeals from the denial of his petition for a writ of mandate (Code Civ. Proc., § 1094.5[1]) which sought to compel the respondent Valley Presbyterian Hospital et al. (Hospitals) to readmit or admit him to their respective medical staffs and to withdraw certain reports submitted by the respondent Hospitals to the Board of Medical Quality Assurance (BMQA) regarding proceedings against appellant and restrictions or suspensions of his medical staff privileges at the Hospitals.

Appellant filed his petition for writ of mandate against the three respondent Hospitals on September 25, 1984. The petition came on for hearing on November 14, 1984, was argued, and submitted. On December 28, 1984, the trial court issued its ruling denying his petition for writ of mandate on the grounds that appellant had failed to exhaust his administrative remedies, the petition was barred by the statute of limitations, and no evidence had been submitted that discretion was abused. On February 28, 1985, appellant filed a timely notice of appeal.[2]

### FACTUAL BACKGROUND

The factual settings in which appellant's claims against each of the respondent Hospitals arose bear little resemblance to one another. Thus, while some of the legal issues presented in this appeal apply as to more than one hospital, for purposes of clarity, the facts regarding appellant's claims against each hospital will be discussed separately.

#### Valley Presbyterian Hospital

In January 1981, appellant received a letter dated January 16, 1981, from Steven Rouff, M.D., the chairman of the department of internal medicine at Valley Presbyterian Hospital advising him that his admitting privileges at the hospital were being suspended as of that date, pending action on his

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

[2]While the notice of appeal, filed on February 28, 1985, was technically premature since the judgment was not filed until March 21, 1985, we shall treat the notice of appeal as having been timely filed since the order in favor of the respondents was entered December 28, 1984.

application for reinstatement. The letter noted two chart numbers which raised problems as to appellant's followup procedure, and concluded by noting that the ad hoc subcommittee of the department of internal medicine was not disposed to grant appellant's application for reinstatement. Appellant requested a hearing which was ultimately set for March 19, 1981.

Prior to the hearing, appellant received notification by letter dated March 13, 1981, that four specific charges supported by seven different patient charts would be presented against him at the hearing.[3] Subsequently, the March 19 hearing was continued to March 26 to allow appellant additional time to prepare.

At the ad hoc committee hearing conducted on March 26, 1981, Dr. Rouff presented evidence from four of the patient charts noted in the March 13 letter in support of the charges against appellant. On April 17, 1981, the ad hoc committee rendered its decision. The committee determined that *"the charges contained in paragraphs 1, 2 and 4 of the statement of charges* [in the letter] *dated March 13, 1981 are true and that the action of the Executive Committee in recommending against the reappointment of Dr. Lasko to the Staff subsequent to his summary suspension on January 16, 1981 was justified and not arbitrary, unreasonable or unsupported by the evidence."* (Italics in original.)

On June 9, 1981, an appellate review committee hearing was held in accordance with appellant's request for review of the ad hoc committee's decision. The appellate review committee rendered its decision against appellant on July 9, 1981.

### Van Nuys Community Hospital

The medical executive committee of Van Nuys Community Hospital denied appellant's request for admission to the medical staff by certified letter dated June 19, 1981. The return receipt indicated delivery was made on June 22, 1981. On July 10, 1981, appellant made a written request for a hearing pursuant to the hospital's bylaws for review of the denial of his application for staff membership. The hospital responded to appellant's request by letter dated July 13, 1981, informing him that his request for a

---

[3]Those charges were:

"1. Histories, physicals, progress notes and discharge summaries fail to reflect physicians' [sic] awareness, evaluation and decision making process concerning patients' illness . . . .

"2. Records contain evidence of patient conditions, many of serious nature, with no evidence of follow up attention and care by physician . . . .

"3. Non-responsiveness to patient management suggestions made by consultants . . . .

"4. Mismanagement . . . ."

hearing was untimely pursuant to the hospital's bylaws which require such a request to be made within 10 days following the date of the receipt of written notice of an action constituting grounds for a hearing. (Art. IX, § 1a.) By letter dated July 14, 1981, appellant attempted to explain that his delay in requesting a hearing was due to the fact that he was out of the country from June 12 to June 28 and therefore did not actually receive the hospital's letter denying his application until June 28, 1981.

Subsequently, on or about December 21, 1981, Van Nuys Community Hospital sent a report to BMQA describing the denial of appellant's application for staff membership to the hospital. On March 8, 1982, the hospital sent another report to BMQA stating different reasons for denying appellant medical staff privileges than those contained in the December 21, 1981, report.

*Valley Medical Center*

. . . . . . . . . . . . . . . . . . . . . . . . . . .*

CONTENTIONS

Appellant's contentions may be summarized as follows:

1. The applicable statute of limitations governing an action in mandamus pursuant to section 1094.5 is the four-year period set forth in section 343, not the three-year period in section 338. The trial court thus erred insofar as it found the instant action to be barred by the statute of limitations;

2. The trial court erred in finding no abuse of discretion on the part of Valley Presbyterian Hospital because appellant was denied due process and a fair hearing due to certain prejudicial procedural irregularities in the proceedings afforded him; and

. . . . . . . . . . . . . . . . . . . . . . . . . . .*

Respondents' contentions are that: 1. Appellant's petition for writ of mandamus is barred by the statute of limitations, or, in the alternative, is subject to the bar of laches;

*See footnote, *ante*, page 519.

. . . . . . . . . . . . . . . . . . . . . . . . . . .*

DISCUSSION

I

A. *An Action Brought Pursuant to Code of Civil Procedure Section 1094.5, the Basis for Which Is Not a Liability Created by Statute, Is Governed by the Four-year Statute of Limitations Contained in Section 343*

■■ One of the key issues presented in this appeal is whether the statute of limitations applicable to appellant's petition for writ of mandate is the three-year period set forth in section 338, subdivision 1, or the four-year period set forth in section 343.[5]

All of the events regarding appellant's applications for admitting privileges or for reinstatement to the medical staffs of the respondent Hospitals occurred over three years before appellant filed his petition for writ of mandate in the instant action. Thus, if as respondents maintain the three-year statutory period applies, appellant's claims against respondent Hospitals are barred.

Appellant, however, contends that the applicable statute of limitations governing a petition brought pursuant to section 1094.5 is the four-year period set forth in section 343, which appellant argues governs all actions in equity. ■■ ■■■ ■■ ■■ His petition against Valley Presbyterian Hospital and Van Nuys Community Hospital was therefore brought within the statutory period and is not barred.[6] We agree.

---

*See footnote, *ante,* page 519.

[5]Section 338, subdivision 1, provides for a three-year limitation period on "[a]n action upon a liability created by a statute, other than a penalty or forfeiture." Section 343, which has been referred to as the "catch-all" section (Deering, Cal. Administrative Mandamus (Cont.Ed.Bar 1966) § 8.5), provides: "An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued."

[6]As to Valley Presbyterian Hospital, appellant's right to bring a petition for writ of mandate pursuant to section 1094.5 accrued on July 9, 1981, when the appellate review committee of that hospital rendered its decision denying appellant's appeal.

As to Van Nuys Community Hospital, on July 13, 1981, appellant was apprised that his request for a hearing regarding the denial of his application for staff membership was untimely. Assuming that appellant had no further appeal procedures available to him under the hospital's bylaws by which he could challenge the denial of a hearing on the grounds that his request was untimely, appellant's right to bring an action against Van Nuys Community Hospital accrued on July 13, 1981. Finally, all actions taken by Valley Medical Center which adversely affected appellant, including the last letter from the hospital to BMQA dated April 9, 1980, regarding restrictions on appellant's staff privileges, not to mention the suspension of those privileges in 1979, were taken more than four years prior to appellant's filing of the instant petition.

The three-year period set forth in section 338, subdivision 1, is limited to those actions based upon a liability created by statute. The allegations in appellant's petition against respondent Valley Presbyterian Hospital are based on alleged violations of due process in the proceedings conducted against him. His claim against Van Nuys Community Hospital stems from its refusal to grant him a hearing following a denial of his application for admitting privileges. There is no statute which specifically establishes any liability on the part of the Hospitals in connection with these particular claims appellant alleges. Furthermore, section 1094.5 is not by its own terms subject to any particular limitations period.

"It has been held that section 343 applies to proceedings in mandate (see *Barnes* v. *Glide* (1897) 117 Cal. 1, 6-7 . . .; *Woods* v. *Hyde* (1923) 64 Cal.App. 433, 439 . . .)." (*Valvo* v. *University of Southern California* (1977) 67 Cal.App.3d 887, 894 [136 Cal.Rptr. 865]; see also, Deering, Cal. Administrative Mandamus, *supra*, § 8.5.) The facts alleged in the instant case point to no other statute of limitations which would be appropriate. We thus conclude that the four-year limitations period governs here.

Given a four-year limitations period, appellant's causes of action against Valley Presbyterian Hospital and Van Nuys Community Hospital, which accrued July 9, 1981, and July 13, 1981, respectively, continued to be viable at the time appellant filed the petition below. Appellant, however, instituted the petition against Valley Medical Center more than four years after his cause of action had accrued, and therefore, any action against Valley Medical Center is barred by the four-year statute of limitations.

To the extent that the trial court's denial of appellant's petition for writ of mandate was based on appellant's failure to bring the action within the three-year statutory period, such ruling was in error.

B. *The Trial Court Must Determine Whether the Doctrine of Laches Is a Bar to the Instant Case*

While appellant's action against Valley Presbyterian Hospital and Van Nuys Community Hospital is not barred by the four-year statute of limitations, and the trial court did not cite laches as a basis for the denial of appellant's petition, we note that laches has been held to bar actions for reinstatement in cases of delay shorter than appellant's delay in this case. As our Supreme Court observed: "The reported California cases upholding laches as a defense to reinstatement involve delays ranging from eight months (*McLeod* v. *City of Los Angeles* (1967) 256 Cal.App.2d 693 . . .) through one year seven months in *Wolstenholme* v. *City of Oakland* (1960) 54 Cal.2d 48 . . ., to a maximum of five years in *Pacheco* v. *Clark* (1941) 44

Cal.App.2d 147 . . . . [¶] A three- or four-year statute of limitations applies to a mandamus action to review an administrative decision. (See Deering, California Administrative Mandamus, § 8.5 (Cont.Ed.Bar 1966).) The many cases finding laches for delays of far less than three or four years may indicate that the limitation period, although suitable for a truly original mandamus action, is far too long for a proceeding which in substance is a form of appellate review of an administrative decision." (*Conti* v. *Board of Civil Service Commissioners* (1969) 1 Cal.3d 351, 357, fn. 3 [82 Cal.Rptr. 337, 461 P.2d 617].)

Although the trial court considered the issue of laches, it is not clear from the record whether the trial court would have found the action barred by laches had it determined that the four-year, rather than the three-year, statute of limitations applied. Since the issue of whether an action is barred by laches requires a factual determination, we must remand the matter back to the trial court for consideration of whether appellant's delay in filing his petition against Valley Presbyterian Hospital was fatal to his case below. A remand is not necessary as to Van Nuys Community Hospital since we resolve the appeal as to this hospital on other grounds.

## II

*Appellant's Attempts to Conduct Voir Dire of the Ad Hoc Hearing Committee Members of Valley Presbyterian Hospital Were Unduly Restricted and Denied Him His Right to a Fair Procedure*

 Appellant challenges the proceedings before the ad hoc hearing committee of Valley Presbyterian Hospital on the ground that he was denied a fair procedure due to the restrictions imposed on his attempts to conduct voir dire of the hearing committee. While appellant was permitted to state his objections to the composition of the hearing committee for the record, his challenges went unanswered, and the hearing proceeded without regard to appellant's claims of bias.[7]

---

[7]At the hearing before the ad hoc committee, the following colloquy took place:

"DR. LASKO: And I have not finished. I would like to request that all members of this committee be placed under oath for the statements they have made and shown.

"MR. MCCABE: Your request is rejected, Dr. Lasko. [¶] Would you like to continue, Dr. Rouff.

"DR. LASKO: I would like to ask if Dr. Patterson has any financial relationship with this hospital or with Dr. Rouff or whether any member of this committee has discussed anything with anybody about my practicing at the hospital and what was discussed, with whom and when. I would like to challenge for bias.

"I'd like to ask if any member of this committee has a financial relationship with Dr. Rouff. I would like to ask if any member of this committee has a position on this hospital

■ An individual who is being expelled or excluded from a private institution which controls important economic interests, such as a private hospital, is entitled to a fair procedure by which to challenge the action taken. (*Applebaum* v. *Board of Directors* (1980) 104 Cal.App.3d 648, 656-657 [163 Cal.Rptr. 831].) ■ "The distinction between fair procedure and due process rights appears to be one of origin and not of the extent of protection afforded an individual; the essence of both rights is fairness. Adequate notice of charges and a reasonable opportunity to respond are basic to both sets of rights." (*Id.*, at p. 657.) ■ One whose right to practice his or her livelihood is being revoked or suspended has a right to

---

staff under Dr. Rouff, and if so, I would challenge for bias and conflict of interest.

"I'd like to ask if any member of this committee has treated any of Dr. Lasko's patients since January 16, 1981, and if so, I would challenge for conflict of interest.

"I would ask if any member of this committee has discussed the merits of this case with anyone, and if so, I would challenge for bias.

"I'd like to ask if any member of this committee has a preconceived notion about what the results should be. If so, I would like to challenge for bias.

"I'd like to ask if each one of you present here is really able to reach an independent and fair result. I would like to ask if each member of the committee would overrule Dr. Rouff and the hospital if you find that either or both has acted improperly, and if not, I would challenge for bias.

"I'd like to ask if each member of the committee would be reluctant to overrule Dr. Rouff and the hospital if it meant that Dr. Rouff and the hospital would be liable for sizable damages to Dr. Lasko, and if so, I challenge for bias.

"I'd like to ask if any of you have any bias or prejudice against me because of the controversial nature and subject of my book and media appearances or whether any of you object to my stand on socialized medicine or my stand against unnecessary hospitalization and unnecessary surgery, and if so, I challenge for bias.

"I'd like to ask if any member here has discussed with anyone or formed any opinion as to the lack of desirability of Dr. Lasko remaining on this hospital staff because of the controversial nature of my book or media appearances. If so, I would challenge for bias.

"I'd like to ask, can you confine your deliberation to the consideration of only the substantive and procedural issues presented to you during this hearing. If not, I challenge for bias.

"Finally, I ask, are there any Board certified internists on this panel?

"MR. McCABE: Dr. Lasko, each of the—

"DR. LASKO: I ask, are there any Board certified internists on this panel?

"MR. McCABE: Each of your questions and alleged challenges have been noted for the record.

"DR. LASKO: But I am just asking the question whether any of the—

"MR. McCABE: Your question is out of order. I would recommend to you, however, Section 4(a) of Article VIII of the staff bylaws, which provides that the hearing shall be conducted by not less than five members of the medical staff, appointed by the Chief in consultation with the Executive Committee, one of them to be named as chairman. The section further goes on to state: [¶] 'No staff member who has actively participated in the consideration of the adverse recommendation shall be appointed a member of this hearing committee.'

"I am informed by the committee that none of them have actively participated in the consideration of the adverse recommendation that is involved in this proceeding. If you have evidence to offer, as opposed to questions to ask of people, then you are certainly free to offer at this hearing any evidence you may have of bias or prejudice or preconception, but asking questions or demanding that the committee be put under oath is not evidence, and is ruled hereby out of order."

a tribunal which meets the prevailing standards of impartiality. "Biased decision makers are constitutionally impermissible and even the probability of unfairness is to be avoided." (*Ibid.; Hackethal* v. *California Medical Assn.* (1982) 138 Cal.App.3d 435, 442 [187 Cal.Rptr. 811].)

"A person whose rights are being determined has a right to an impartial panel to determine those rights. (*Applebaum, supra,* 104 Cal.App.3d at p. 657.)" (*Hackethal* v. *California Medical Assn., supra,* at p. 443.) The objective is to have a panel composed of members that do not harbor a state of mind that would preclude a fair hearing. Disqualification should occur if there is actual bias. Disqualification may also be necessary if a situation exists under which human experience teaches that the probability of actual bias is too high to be constitutionally tolerable.

"Categories have been identified where the probability of actual bias by a panel member is too high. Those categories include: (1) a member has a direct pecuniary interest in the outcome; (2) a member has been the target of personal abuse or criticism from the person before him; (3) a member is enmeshed in other matters involving the person whose rights he is determining; (4) a member may have prejudged the case because of a prior participation as an accuser, investigator, fact finder or initial decisionmaker. (See *Applebaum, supra,* [at p. 657]; *Crampton* v. *Michigan Dept. of State* (1975) 395 Mich. 347 . . .; Prygoski, *Due Process and Designated Members of Administrative Tribunals* (1981) 33 Administrative Law Review 441, 455.)" (*Hackethal, supra,* 138 Cal.App.3d at p. 443.)

In *Hackethal,* Dr. Hackethal petitioned for a peremptory writ of mandate to order respondents California Medical Association (CMA) and the San Bernardino County Medical Society (SBCMS) to reinstate his membership in each organization. The trial court granted the writ on the ground that petitioner had been denied a fair procedure in the administrative hearing before the judicial council of the SBCMS because there was an undue restriction on voir dire of the individual members of the judicial council.

On appeal, the court affirmed the trial court's finding that petitioner's voir dire was unduly limited, even though members of the judicial council were questioned by the referee at the hearing as to any preconceived notion of guilt and their ability to judge the case fairly on the evidence presented at that hearing and that hearing alone. (*Id.,* at p. 439.)

"The trial court found an undue restriction on voir dire. Such restriction necessarily had the effect of reducing petitioner's opportunity to expose facts that would require disqualification of individuals on the panel. Voir dire is the traditional and accepted method of selecting an impartial tribunal.

The bylaws (ch. III, section 1, para. (6)(c)) gave the accused the right to challenge council members. To meaningfully exercise that right petitioner should have been afforded a reasonable opportunity to establish the grounds for challenge. He was not afforded that opportunity." (*Hackethal, supra,* 138 Cal.App.3d at p. 443.)

One of petitioner's challenges in *Hackethal* was that the chairman of the judicial council was a business competitor of petitioner. The court found that petitioner should have been afforded a greater opportunity to conduct voir dire to establish whether the assertion was correct, and if so, suggested that petitioner's challenge may have succeeded. In the instant case, while the hospital's bylaws did not specifically provide for voir dire of the hearing panel, basic notions of fairness dictate that an individual whose right to practice his livelihood at a particular hospital is being revoked, has a right to examine the members of the tribunal for possible bias against him. Appellant was afforded no meaningful opportunity to do so, as the hearing officer altogether prevented appellant from asking any questions of the members of the ad hoc hearing committee. "Fairness requires a practical method of testing impartiality." (*Id.,* at p. 444.) Voir dire is one such practical method which was denied to appellant in this case.

Although we find as a matter of law appellant was denied a fair procedure at the hearing conducted before the ad hoc hearing committee at Valley Presbyterian Hospital, we note that the trial court must determine whether appellant's action against Valley Presbyterian Hospital is barred by laches before remanding the matter to Valley Presbyterian Hospital for reinstatement pending further administrative proceedings.

### III-V*

. . . . . . . . . . . . . . . . . . . . . . . .

### Disposition

The judgment denying appellant's petition for writ of mandamus is affirmed with respect to Van Nuys Community Hospital and Valley Medical Center.

The judgment denying appellant's petition for writ of mandamus against Valley Presbyterian Hospital is reversed and remanded to the trial court

---

*See footnote, *ante,* page 519.

with directions to determine whether appellant's petition is barred by laches. If it is not barred, the trial court is directed to remand the matter to Valley Presbyterian Hospital for further administrative proceedings consistent with the views expressed herein. Each party shall bear its own costs on appeal.

Danielson, J., and Arabian, J., concurred.