**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; SUZANNE PERKIN, in her official capacity,<br>*Defendants-Appellants.* | No. 17-56110<br><br>D.C. No.<br>2:15-cv-2478<br>SVW-JEM<br><br>ORDER AND OPINION |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Filed June 6, 2018

Before: A. Wallace Tashima and Jacqueline H. Nguyen,
Circuit Judges, and Michael H. Simon,* District Judge.

Order;
Opinion by Judge Tashima

---

*The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

# SUMMARY[**]

## Civil Rights

The panel reversed the district court's denial of a motion to dismiss a second amended complaint on Eleventh Amendment immunity, judicial exhaustion, and abstention grounds, and in a concurrently filed order, the panel granted appellants' request for publication.

Plaintiff, a male University of California student, sued The Regents of the University of California and the assistant dean of students at University of California, Santa Barbara, after he was disciplined for the sexual assault of a female student during a trip to Lake Tahoe. Plaintiff denied the assault and instead asserted that the sexual encounter was consensual. He filed an action against The Regents bringing claims under Title IX, 42 U.S.C. § 1983 and state law, and also sought, in his second amended complaint, a writ of administrative mandamus under California Code of Civil Procedure § 1094.5, alleging that the University held an unfair hearing and that its disciplinary hearing was not supported by the evidence.

The panel first rejected plaintiff's assertion that The Regents waived their argument that Eleventh Amendment immunity barred the § 1094.5 petition. The panel then held that Eleventh Amendment principles required dismissal of plaintiff's § 1094.5 writ petition because the petition involved a state law claim and the prospective injunctive relief

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

exception to the Eleventh Amendment bar, as set forth in *Ex parte Young*, 209 U.S. 123 (1908), does not apply when a suit seeks relief under state law.

The panel exercised pendent appellate jurisdiction over The Regents' appeal from the order denying dismissal of plaintiff's § 1983 claims and Title IX claims for failure to exhaust judicial remedies. The panel held that plaintiff's § 1983 and Title IX claims were precluded because he failed to exhaust judicial remedies by filing a § 1094.5 writ petition in state court. The panel noted that although a plaintiff is not required by statute to file a § 1094.5 petition in state court, in this case the Eleventh Amendment barred plaintiff from filing his writ petition in federal court. Therefore, plaintiff had not exhausted his judicial remedies.

The panel reversed the judgment and remanded to the district court with instructions to dismiss plaintiff's § 1094.5 writ claim with prejudice, but without prejudice to refiling in state court, and his § 1983, Title IX, and declaratory relief claims without prejudice.

## COUNSEL

Bradley S. Phillips (argued) and Hailyn J. Chen, Munger Tolles & Olson LLP, Los Angeles, California; Jonathan D. Miller and Alison M. Bernal, Nye Peabody Stirling Hale & Miller LLP, Santa Barbara, California; for Defendants-Appellants.

Scott Michael McLeod (argued) and Christopher J. Mead, Cooper White & Cooper LLP, San Francisco, California; Kimberly C. Lau (argued), Warshaw Burstein LLP, New York, New York; for Plaintiff-Appellee.

---

## ORDER

The request of Defendants-Appellants for publication is granted. The Memorandum filed March 27, 2018, 2018 WL 1476666, is withdrawn and replaced by the Opinion filed concurrently with this order.

Plaintiff-Appellee's petition for panel rehearing and rehearing en banc is denied as moot. Further petitions for rehearing may be filed with respect to the Opinion within the time permitted by the Rules.

---

## OPINION

TASHIMA, Circuit Judge:

In this interlocutory appeal, The Regents of the University of California ("The Regents") and Suzanne Perkin ("Perkin"), the assistant dean of students at the University of California at Santa Barbara ("UCSB"), appeal the district court's denial of their motion to dismiss John Doe's ("Doe") second amended complaint ("SAC") on Eleventh Amendment immunity, judicial exhaustion, and *Younger* abstention grounds. We reverse.

# I. BACKGROUND

The merits of Doe's lawsuit are not before us, so we recite only in brief the factual basis of his claims.[1]  The procedural history of the case is more germane to the issues on appeal.

## A.  Doe's Suspension

Doe, a male UCSB student, sued The Regents and Perkin after he was disciplined for the sexual assault of a female UCSB student, Jane Doe ("Jane") during a trip to Lake Tahoe.  Doe denies that he assaulted Jane and instead contends that the sexual encounter, which occurred in June 2014, was consensual.

On November 6, 2014, UCSB notified Doe that he had been charged with sexual assault in violation of the university's code of conduct.  A week later, Doe had a meeting with Perkin, at which she read Doe a statement that Jane had written.  On November 25, UCSB informed Doe that on December 11, an adjudicatory committee would hold a hearing on the assault charges.  Two days before the hearing, Perkin provided Doe with an investigative report that she produced based on interviews with Doe, Jane, and other witnesses.  The committee later held a second hearing, on December 19, before which Perkin completed a second investigative report.  Shortly after the second hearing, the committee found Doe responsible for Jane's sexual assault and recommended the university suspend him for two quarters.  In January 2015, Vice Chancellor for Student Affairs Michael Young upheld the decision and, on

---

[1] The factual allegations in the SAC are presumed true.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

February 16, 2015, UCSB Chancellor Henry Yang denied Doe's appeal.

## B.  Complaint and First Motion to Dismiss

In April 2015, Doe filed this action against The Regents, alleging that the committee had "no basis" for its decision.[2] Doe brought a Title IX claim,[3] a claim under 42 U.S.C. § 1983 for violation of his procedural due process rights, and numerous state law claims.   Doe alleged that UCSB discriminated against him because of his male sex via a "non-exhaustive list" of wrongful actions, including preventing him from presenting character evidence and disciplining him on the basis of investigative reports that "present[ed] a skewed rendition of the facts[.]"   Doe also alleged, *inter alia*, that UCSB lacked jurisdiction over the Lake Tahoe trip, and that UCSB intentionally scheduled the December 19 hearing on a day when Doe's attorney was unavailable.

The Regents moved to dismiss, arguing that Doe's lawsuit was barred in its entirety because he had not petitioned for a writ of administrative mandamus under California Code of Civil Procedure § 1094.5 ("§ 1094.5 petition" or "writ petition") and had therefore not exhausted his judicial remedies.   After supplemental briefing, the district court granted the motion, concluding that Doe's state law claims were barred because he had not yet filed a § 1094.5 writ petition.   The court rejected The Regents' argument that Doe's § 1983 claim was also barred for failure to exhaust

---

[2] The initial complaint did not name Perkin as a defendant.

[3] Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–1688.

judicial remedies. Still, the court dismissed the § 1983 claim on Eleventh Amendment grounds and the Title IX claim for failure to state a claim.

## C. First Amended Complaint and Second Motion to Dismiss

Doe filed a first amended complaint ("FAC"), which included a § 1094.5 writ petition. Doe alleged that UCSB held an unfair hearing and that its disciplinary decision was not supported by the evidence. Doe asserted Title IX and declaratory relief claims against The Regents and substituted Perkin as the sole defendant on his § 1983 due process claim.[4] Doe also added new factual allegations. For example, he alleged that UCSB exhibited gender bias against Doe as a result of "mounting pressure" from the U.S. Department of Education, Office of Civil Rights, a campus roundtable on sexual assault, campus organizations, and a University of California system-wide task force on sexual assault.

The Regents moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court dismissed with prejudice the Title IX claim for failure to state a claim, and without prejudice the § 1983 claim as barred by the Eleventh Amendment. The court then declined to exercise supplemental jurisdiction over the § 1094.5 writ claim.

## D. Second Amended Complaint and Third Motion to Dismiss

Doe then filed the SAC, in which he clarified that the § 1983 claim was alleged against Perkin in her official

---

[4] Doe did not re-allege the other state law claims.

capacity. Doe also re-alleged the § 1094.5 writ petition. The Regents again moved to dismiss, arguing that the § 1983 claim was barred by the Eleventh Amendment and the § 1094.5 writ claim was barred for failure to exhaust judicial remedies. Before the district court ruled on The Regents' motion, Doe moved the court to reconsider its dismissal of his Title IX claim. The court granted the motion. The Regents then moved to dismiss the reinstated Title IX claim, also contending that Doe's § 1094.5 writ petition against The Regents was barred by the Eleventh Amendment. Thus, the district court had before it two motions to dismiss.

The court denied both motions. First, the court ruled that the § 1983 claim against Perkin in her official capacity did not run afoul of the Eleventh Amendment, nor was Perkin entitled to qualified or quasi-judicial immunity. Second, the court rejected The Regents' contention that the § 1094.5 petition was precluded. The court reasoned that because the SAC included the § 1094.5 writ petition, Doe had exhausted his judicial remedies. Third, the court concluded that abstention under *Younger v. Harris*, 401 U.S. 37 (1971), was not warranted because there were no ongoing state proceedings.

The Regents moved for reconsideration, contending that the Eleventh Amendment bars a plaintiff from bringing a state law claim, including a § 1094.5 writ petition, against The Regents in federal court. The court denied the motion. First, the court concluded that a § 1094.5 petition is a procedural mechanism that "functions as a vehicle for federal injunctive relief for Eleventh Amendment immunity purposes"; thus, the Eleventh Amendment did not bar it. Second, the court "interpret[ed]" the § 1094.5 petition against The Regents as a claim "against the University officials who

have the power to effectuate any prospective injunctive relief ordered by the court[,]" and therefore concluded that it was permitted under the *Ex parte Young*, 209 U.S. 123 (1908), exception to Eleventh Amendment immunity. The Regents took an interlocutory appeal, and a motions panel of our court stayed district court proceedings.[5]

## II. STANDARD OF REVIEW

A state instrumentality's Eleventh Amendment sovereign immunity and whether a plaintiff exhausted judicial remedies are both questions of law reviewed de novo. *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995) (sovereign immunity); *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994) (exhaustion).

## III. DISCUSSION

On appeal, The Regents contend that the district court should have dismissed Doe's entire complaint because the Eleventh Amendment bars the § 1094.5 writ claim and, because Doe has thus not filed a valid § 1094.5 petition, his failure to exhaust judicial remedies bars the § 1983 and Title IX claims. Alternatively, The Regents contend that the district court should at least have abstained under *Younger*. We consider The Regents' arguments *seriatim*.

### A. Eleventh Amendment Immunity

We have jurisdiction over an interlocutory appeal from the denial of Eleventh Amendment immunity under the

---

[5] A different motions panel denied The Regents' related petition for a writ of mandamus.

collateral order doctrine. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993).

Doe, however, contends that The Regents waived the argument that Eleventh Amendment immunity bars the § 1094.5 petition. We disagree. A state's waiver of Eleventh Amendment immunity and consent to suit must be "unequivocally expressed." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *accord Actmedia, Inc. v. Stroh*, 830 F.2d 957, 963 (9th Cir. 1986) ("The test for finding waiver by a state of its eleventh-amendment immunity is 'stringent.'") (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)), *disapproved of on other grounds by Retail Digital Network, LLC v. Prieto*, 861 F.3d 839, 841–42 (9th Cir. 2017) (en banc). For evidence of waiver, Doe points only to The Regents' acknowledgement in a hearing on the first motion to dismiss that they had "yet to assert" Eleventh Amendment immunity. Instead, The Regents first argued that Doe's entire complaint should be dismissed for failure to exhaust judicial remedies. That was not an unequivocal waiver. We therefore consider The Regents' argument.

The Eleventh Amendment protects states and state instrumentalities, such as The Regents, from suit in federal court. *Pennhurst*, 465 U.S. at 100; *see also BV Eng'g v. Univ. of Cal., LA*, 858 F.2d 1394, 1395 (9th Cir. 1988) (affirming that the University of California is a state instrumentality protected by sovereign immunity). Under the *Ex parte Young* exception to that Eleventh Amendment bar, a party may seek prospective injunctive relief against an individual state officer in her official capacity. *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir. 2000). However, the *Young* exception does not

apply when a suit seeks relief under state law, even if the plaintiff names an individual state official rather than a state instrumentality as the defendant. *Pennhurst*, 465 U.S. at 117.

Those Eleventh Amendment principles require dismissal of Doe's § 1094.5 writ petition, which is a state law claim. The district court erred when it determined that Doe's § 1094.5 petition was not a state law claim, but rather a "state-law procedural mechanism" and "vehicle" for Doe's federal claims. On the contrary, a § 1094.5 petition raises substantive state law claims. *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809 (9th Cir. 2007) ("Writs of mandate are used under California law 'for the purpose of inquiring into the validity of any final administrative order . . . .'") (quoting Cal. Civ. Proc. Code § 1094.5(a)).

For example, the § 1094.5 writ petition permits a substantive inquiry into whether an administrative body "proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion." Cal. Civ. Proc. Code § 1094.5(b). Doe raises those same substantive § 1094.5 claims in the SAC, alleging that his suspension is invalid because UCSB did not grant him a fair hearing, exceeded its jurisdiction, and "committed a prejudicial abuse of discretion," among other allegations. California state courts have also developed a body of substantive case law around § 1094.5. *See*, *e.g.*, *Doe v. Regents of the Univ. of Cal.*, 210 Cal. Rptr. 3d 479, 499–500 (Ct. App. 2016); *Doe v. Univ. of S. Cal.*, 200 Cal. Rptr. 3d 851, 866–77 (Ct. App. 2016); *Am. Tower Corp. v. City of San Diego*, 763 F.3d 1035, 1057 (9th Cir. 2014).

In further support of this conclusion, we note that Doe requests fees pursuant to California Government Code

§ 800(a), which permits a plaintiff to recover attorney's fees when the court finds that a public entity acted arbitrarily and capriciously "under this code or under any other provision of *state law*." (emphasis added). The only state law claim in the SAC is the § 1094.5 petition. Ultimately, if Doe's § 1094.5 claims were to succeed on their merits, a federal court would have to grant injunctive relief against a state instrumentality "on the basis of state law" in violation of the Eleventh Amendment. *Pennhurst*, 465 U.S. at 106. That Doe needed to bring the § 1094.5 petition to exhaust judicial remedies, as discussed in the next section, does not render it a mere procedural mechanism.

The Eleventh Amendment therefore bars Doe's § 1094.5 petition against The Regents and the district court should have dismissed it with prejudice.[6]

### B. Judicial Exhaustion

The Regents contend that because Doe's § 1094.5 petition was barred from federal court, the district court also should have dismissed Doe's § 1983 and Title IX claims for failure to exhaust judicial remedies. Recognizing that we have not held that the denial of a motion to dismiss on judicial

---

[6] The district court also erred in "interpret[ing]" the writ claim, which names only The Regents as defendant, to name Perkin. The *Ex parte Young* exception applies only when the plaintiff names an individual state official. *See S. Pac. Transp. Co. v. City of L.A.*, 922 F.2d 498, 508 (9th Cir. 1990). We have permitted plaintiffs leave to amend to conform their pleading with *Young*, *see Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865–66 (9th Cir. 2016), but our conclusion that the § 1094.5 petition is a state law claim bars Doe from bringing the writ petition in federal court against either The Regents or Perkin and means such an amendment would be futile.

exhaustion grounds is independently appealable, The Regents ask us to exercise pendent appellate jurisdiction over that portion of the district court's order. Although Doe does not contest jurisdiction, we have an independent obligation to consider our own appellate jurisdiction. *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010).

Under the doctrine of pendent appellate jurisdiction, we may review an otherwise non-appealable ruling when it is "'inextricably intertwined' with or 'necessary to ensure meaningful review of' the order properly before us." *Meredith v. Oregon*, 321 F.3d 807, 812–13 (9th Cir. 2003) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995)). The first prong – on which The Regents rely – is "narrowly construed." *Id.* at 813. "[T]he legal theories . . . must either (a) be so intertwined that we must decide the pendent issue in order to review the claims properly raised on interlocutory appeal, or (b) resolution of the issue properly raised on interlocutory appeal necessarily resolves the pendent issue." *Cunningham v. Gates*, 229 F.3d 1271, 1285 (9th Cir. 2000) (citation omitted).

In this case, our conclusion that The Regents are entitled to Eleventh Amendment immunity – the issue properly raised on appeal – also necessarily resolves whether Doe has exhausted his judicial remedies (and means that he has not). We therefore exercise pendent appellate jurisdiction over The Regents' appeal from the district court's order denying dismissal on judicial exhaustion grounds.

We also agree with The Regents that Doe's § 1983 and Title IX claims are precluded because he has failed to exhaust judicial remedies by filing a § 1094.5 writ petition in state

court.[7]   Under federal common law, federal courts accord preclusive effect to state administrative proceedings that meet the fairness requirements of *United States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966). *See Miller v. Cty. of Santa Cruz*, 39 F.3d at 1032–33. We evaluate the fairness of a state administrative proceeding by resort to both the underlying administrative proceeding and the available judicial review procedure. *See Olson v. Morris*, 188 F.3d 1083, 1086–87 (9th Cir. 1999). A § 1094.5 petition for a writ of administrative mandamus  provides "an adequate opportunity for de novo judicial review." *Miller*, 39 F.3d at 1033 (citing *Eilrich v. Remas*, 829 F.2d 630, 632 (9th Cir. 1988)); *see also Kenneally v. Lungren*, 967 F.2d 329, 333 (9th Cir. 1992) (holding that the § 1094.5 procedure provided the plaintiff a "meaningful opportunity" to raise constitutional claims).

Because California has adopted the *Utah Construction* standard, we give preclusive effect to a state administrative decision if the California courts would do so. *Miller*, 39 F.3d at 1032–33. In California, "[e]xhaustion of judicial remedies . . . is necessary to avoid giving binding 'effect to [an] administrative agency's decision[.]'" *Johnson v. City of Loma Linda*, 5 P.3d 874, 879 (Cal. 2000) (emphasis omitted) (quoting *Briggs v. City of Rolling Hills Estates*, 47 Cal. Rptr. 2d 29, 33 (Ct. App. 1995)). A party must exhaust judicial remedies by filing a § 1094.5 petition, the exclusive and "established process for judicial review" of an agency decision. *Id.* at 880 (citing *Westlake Cmty. Hosp. v. Superior*

---

[7] Doe's contention that The Regents forfeited the exhaustion argument by not raising it in the district court, lacks merit.  The Regents raised § 1094.5 judicial exhaustion in both their motion to dismiss the SAC, and their motion for reconsideration.

*Court*, 551 P.2d 410, 421 (Cal. 1976) (in bank)). UCSB's suspension of Doe is the sort of "adjudicatory, quasi-judicial decision" that is subject to the judicial exhaustion requirement. *Y.K.A. Indus., Inc. v. Redev. Agency of San Jose*, 94 Cal. Rptr. 3d 424, 444 (Ct. App. 2009).

It is undisputed that Doe has not filed a § 1094.5 petition in state court. Although a plaintiff is not required by statute to file a § 1094.5 petition in state court, in this case the Eleventh Amendment bars Doe from filing his writ petition in federal court. Therefore, Doe has not exhausted his judicial remedies. Because the California courts would thus accord preclusive effect to UCSB's administrative decision, we must do the same. The district court should have dismissed without prejudice[8] Doe's § 1983 and Title IX claims.[9]

• ● •

The judgment of the district court is reversed and the case remanded to the district court with instructions to dismiss Doe's § 1094.5 writ claim with prejudice, but without

---

[8] The Regents represent that the statute of limitations on Doe's § 1094.5 writ claim has not yet run. *See Lasko v. Valley Presbyterian Hosp.*, 225 Cal. Rptr. 603, 606 (Ct. App. 1986) (holding that four-year statute of limitations applies to § 1094.5 writ claims).

[9] Because we hold that the district court should have dismissed Doe's SAC in its entirety, we do not reach The Regents' argument that the district court should have abstained pursuant to *Younger*. We therefore also need not reach the threshold question of whether we would have pendant appellate jurisdiction over The Regents' appeal of that order. *See Confederated Salish v. Simonich*, 29 F.3d 1398, 1401–03 (9th Cir. 1994) (holding that an order denying dismissal on *Younger* grounds is not immediately appealable on its own).

prejudice to refiling in state court, and his § 1983, Title IX, and declaratory relief claims without prejudice.

**REVERSED and REMANDED with directions.**