NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSE P. FREEMAN, | No. 18-55454 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-07172-JAK-GJS |
| v. | |
| CITY OF PORT HUENEME; CARMEN NICHOLS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted October 16, 2019
Pasadena, California

Before:  WARDLAW and COLLINS, Circuit Judges, and BATAILLON,[**] District
Judge.

Rose Freeman appeals the district court's grant of summary judgment to the

City of Port Hueneme and Deputy City Manager Carmen Nichols with respect to

Freeman's single cause of action under 42 U.S.C. § 1983 for retaliatory discharge

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Joseph F. Bataillon, United States District Judge for the District
of Nebraska, sitting by designation.

in violation of her First Amendment rights. The district court held that the preclusive effect of Freeman's prior unsuccessful administrative challenge to her termination barred her § 1983 claim. We affirm.[1]

"Under federal common law, federal courts accord preclusive effect to state administrative proceedings that meet the fairness requirements of *United States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966)." *Doe v. Regents of Univ. of Cal.*, 891 F.3d 1147, 1154 (9th Cir. 2018). "Because California has adopted the *Utah Construction* standard, we give preclusive effect to a state administrative decision if the California courts would do so." *Id.* at 1155; *see also Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032–33 (9th Cir. 1994) ("[N]o special circumstances requir[e] us to look beyond the state's preclusion law, because California ha[s] already adopted the *Utah Construction* standard."). In California, "exhaustion of judicial remedies is necessary to avoid giving binding effect to an administrative agency's decision." *Doe*, 891 F.3d at 1155 (quoting *Johnson v. City of Loma Linda*, 5 P.3d 874, 879 (Cal. 2000)) (cleaned up). To exhaust judicial remedies, a party must file a petition for a writ of administrative mandate under California Code of Civil Procedure section 1094.5. *Id.* An administrative decision

---

[1] In resolving the summary judgment motion, the district court did not abuse its discretion in excluding a declaration and accompanying exhibits on the grounds that Freeman had failed properly to disclose these matters in accordance with her discovery obligations under the applicable rules and court orders. *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060, 1067 (9th Cir. 2005).

2

that is entitled to preclusive effect under these principles will bar federal claims, including § 1983 claims, that fall within that decision's preclusive scope.  *Id.* at 1154–55.

Freeman's administrative proceeding satisfied all three *Utah Construction* factors—"(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate."  *Miller*, 39 F.3d at 1033.  Freeman concededly never filed a writ petition under § 1094.5 seeking judicial review of the administrative decision.  Thus, under *Doe*, the decision upholding her termination is entitled to preclusive effect.  891 F.3d at 1155.

We reject Freeman's contention that, under *Brosterhous v. State Bar of California*, 906 P.2d 1242 (Cal. 1995), California would not give preclusive effect in a § 1983 case to an administrative decision, even if it meets the requirements of *Utah Construction*.  *Brosterhous* does not endorse any such departure from *University of Tennessee v. Elliott*, 478 U.S. 788, 796–99 (1986) (holding that an administrative decision barred a § 1983 claim), *see Brosterhous*, 906 P.2d at 1254 (distinguishing *Elliott* in the context of an arbitration decision), and in any event Freeman's characterization of California and federal law is squarely inconsistent with *Doe*.  891 F.3d at 1154–55; *see also Bahra v. County of San Bernardino*, 945

F.3d 1231, 1236–37 (9th Cir. 2019) (preclusive effect of an administrative decision barred a § 1983 claim).

The district court also correctly concluded that Freeman's § 1983 claim falls within the claim-preclusive scope of the administrative decision upholding her termination. Freeman's § 1983 claim rests on the same primary right—the right to continued employment—that was at stake in the administrative proceeding, where it was determined that Freeman's termination was "supported by just cause." *See Miller*, 39 F.3d at 1034; *Swartzendruber v. City of San Diego*, 5 Cal. Rptr. 2d 64, 71 (Cal. Ct. App. 1992); *Takahashi v. Board of Educ. of Livingston*, 249 Cal. Rptr. 578, 584–86 (Cal. Ct. App. 1988). Freeman's reliance on *George v. California Unemployment Insurance Appeals Board* 102 Cal. Rptr. 3d 431 (Cal. Ct. App. 2009), is unavailing. *See Wade v. Ports Am. Mgmt. Corp.*, 160 Cal. Rptr. 3d 482, 490–91 (Cal. Ct. App. 2013) (distinguishing *George* on the grounds, *inter alia*, that it involved a claim under the California Fair Employment and Housing Act and the administrative decision in *George* did not resolve "whether the discharge was for good cause").

**AFFIRMED.**