NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEE PERRY,<br><br>                 Plaintiff-Appellant,<br><br>  v.<br><br>JASON VILORIA, Superintendent of Laguna Beach Unified School District, in his official capacity; et al.,<br><br>                 Defendants-Appellees. | No. 20-56081<br><br>D.C. No.<br>8:19-cv-02381-JVS-JDE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted October 4, 2021[**]
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and BREYER,[***] District Judge.

Dee Perry appeals from the district court's order dismissing her complaint

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

on Eleventh Amendment grounds. Perry is an elected member of the Laguna Beach Unified School District Board of Education and brought this action against District Superintendent Jason Viloria and individual Board members Jan Vickers, Peggy Wolff, Carol Normandin, and James Kelly (collectively "Defendants"). We review de novo dismissals based on Eleventh Amendment immunity. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Because the parties are familiar with the facts, we do not recount them here. We affirm.

"The Eleventh Amendment protects states and state instrumentalities . . . from suit in federal court." *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). "Under the *Ex parte Young* exception to that Eleventh Amendment bar, a party may seek prospective injunctive [and declaratory] relief against an individual state officer in her official capacity" to remedy an ongoing violation of federal law. *Id.*; *see also Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016). The "officer must have some connection with the enforcement of the act." *Ex parte Young*, 209 U.S. 123, 157 (1908).

The district court properly dismissed Perry's claim against Superintendent Viloria because her complaint alleged only that Viloria ratified the other Defendants' actions and not that he has individual authority to act on his own. Perry argues for the first time on appeal that the Board's president and superintendent have authority under District Bylaw 9322 to "decide whether a

request from a member of the public is within the subject matter jurisdiction of the Board." We generally do not consider arguments raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). And in any case, under the Bylaws, if the Board's president and superintendent deny a request from a Board member to place an item on the agenda, the Board member may ask the Board to place the item on the agenda. Thus, the Board, and not any individual member, has the final say on agenda items, and Perry's argument regarding Viloria fails.

The district court also properly concluded that the remaining Defendants have no individual authority or duty. The Board bylaws specify that "the Board is the unit of authority over the district and . . . a Board member has no individual authority." And while Perry cites several California Education Code sections, all confirm that the "governing board" retains ultimate authority. *See* Cal. Educ. Code §§ 35020, 35010(b), 35161. In fact, Perry misrepresents section 35161 as stating that the "individuals" retain ultimate responsibility, when the text of the statute clearly describes the "governing board" as the entity with "ultimate responsibility over the performance of those powers or duties so delegated." Cal. Educ. Code § 35161. Thus, the Board can act only by majority vote, and the district court properly held Perry's claims are barred under the Eleventh Amendment.

Finally, the district court did not abuse its discretion by denying leave to

3

amend. *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017) ("We review the denial of leave to amend a complaint for abuse of discretion."). Perry had two opportunities to amend her complaint and was on notice that her claims were barred by the Eleventh Amendment when her First Amended Complaint was dismissed. She thus had an opportunity to amend her complaint to address this specific deficiency. And because all of Perry's claims are barred by the Eleventh Amendment, it is unclear what Perry could have alleged to overcome this hurdle.

**AFFIRMED.**[1]

---

[1] We do not reach Defendants' alternative arguments that Perry failed to state a First or Fourteenth Amendment claim upon which relief can be granted and that they are entitled to qualified or absolute immunity.