**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JULIUS M. ENGEL, | No. 21-16835 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00624-DB |
| v. | |
| STATE BAR OF CALIFORNIA, Client Security Fund Commission, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Deborah L. Barnes, Magistrate Judge, Presiding[**]

Submitted May 16, 2023[***]

Before:     BENNETT, MILLER, and VANDYKE, Circuit Judges.

Julius M. Engel appeals pro se from the district court's judgment dismissing

his action alleging various federal and state law claims in connection with

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

proceedings before the State Bar of California's Client Security Fund Commission. We have jurisdiction under 28 U.S.C. § 1291. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 333 (9th Cir. 2015) (dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Engel's action was proper because his claims are barred by the Eleventh Amendment. *See Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 (9th Cir. 1995) (the State Bar of California is an arm of the state and is entitled to Eleventh Amendment immunity); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity applies to states and their agencies or departments "regardless of the nature of the relief sought"); *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) (the *Ex parte Young* exception to the Eleventh Amendment bar only applies where a party seeks prospective injunctive relief against an individual state officer in his or her official capacity).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**