**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES CONWAY, an individual, | No. 23-55756 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-01144-SPG-SP |
| v. | |
| CITY OF PALM DESERT, a municipal corporation; COUNTY OF RIVERSIDE, a public entity; ESTEBAN MOLINA, an individual; JOE RUIZ, an individual; DOES, 1 to 100, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted June 6, 2024[**]
Pasadena, California

Before: M. SMITH and BADE, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Plaintiff-Appellant James Conway appeals the district court's orders (1) dismissing his Fourth Amended Complaint against Defendants-Appellees City of Palm Desert (the City), County of Riverside (the County), and County sheriff's department employees Esteban Molina and Joe Ruiz, and (2) dismissing his Fifth Amended Complaint against the City. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. We review de novo the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hunley v. Instagram, LLC*, 73 F.4th 1060, 1068 (9th Cir. 2023). "[W]e accept the well-pleaded factual allegations of a complaint as true and construe all inferences in favor of the nonmoving party." *Mahoney v. Sessions*, 871 F.3d 873, 877 (9th Cir. 2017). We apply a two-step inquiry, first separating the conclusory allegations in the complaint from the well-pleaded factual allegations, and next determining whether those well-pleaded allegations, taken as true, state a plausible entitlement to relief. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–96 (9th Cir. 2014).

2. The district court properly dismissed the illegal discharge claim in Count One of the Fourth Amended Complaint. Applying California law, we agree that Count One is precluded by the administrative termination proceedings. *See MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1125 (9th Cir. 2013)

(stating that we apply the claim preclusion law of the state where the judgment was rendered).

Conway's only argument with respect to Count One is that it is not barred by claim preclusion because the administrative termination proceedings were not sufficiently fair under *United States v. Utah Construction & Mining Co.*, 384 U.S. 394 (1966). *See Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1155 (9th Cir. 2018) ("Because California has adopted the *Utah Construction* standard, we give preclusive effect to a state administrative decision if the California courts would do so."). We conclude that the administrative termination proceedings were sufficiently fair to receive preclusive effect. "The fairness requirements of *Utah Construction* are: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate." *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir. 1994). The record reflects that the administrative proceedings satisfied *Utah Construction* and California law because the parties presented and questioned witnesses, who testified under oath; presented evidence; made evidentiary objections; received a resolution of the disputed issues from the city manager; and had ample opportunity to litigate those issues.

We reject Conway's argument that he was not permitted to adequately litigate whether he was fired for exercising his free speech rights because the

3

record belies that assertion: the city manager allowed some questioning on the issue and Conway was allowed to testify that he believed he was opposing an unlawful arrest. Because Conway's only challenge to the dismissal of Count One relies on the fairness of the administrative proceedings and we conclude that those proceedings were adequate, we affirm the dismissal of Count One.

3. The district court also properly dismissed the due process claim in Count Eight of the Fourth Amended Complaint as barred by issue preclusion. Like with claim preclusion, we apply California's law of issue preclusion. *Pike v. Hester*, 891 F.3d 1131, 1138 (9th Cir. 2018). In California, "issue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 387 (Cal. 2015). In his petition for a writ of mandate under Section 1094.5 of the California Code of Civil Procedure, Conway unequivocally asserted that his termination and the related administrative proceedings violated his due process rights, and the state court rejected that argument and entered judgment against him. The claim that the City violated Conway's due process rights when it terminated him was thus raised against the City, litigated, and rejected by the state court, which issued a final judgment denying the claim. We affirm the dismissal of Count Eight.

4.      We also affirm the district court's dismissal of the state law retaliation claim against the City in Count Four of the Fourth Amended Complaint.[1]  To state a plausible retaliation claim under California's Fair Employment and Housing Act (FEHA), Conway was required to allege that he engaged in a protected activity and that the City subjected him to an adverse employment action because of that protected activity.  *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005).  We affirm the dismissal of Count Four because the Fourth Amended Complaint lacks any facts suggesting that the City subjected Conway to an adverse employment action because of his protected conduct under the FEHA.  *See* Cal. Gov't Code §§ 12940(m)(2), 12945.2(k)(1).

5.      We affirm the dismissal of the Fourth Amended Complaint's retaliation claim in Count Seven against the County, Ruiz, and Molina.  Conway was required to "plausibly allege 'that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.'"  *Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (quoting *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016)).

---

[1] Conway does not directly challenge the dismissal of Counts Five and Six in his opening brief, and, therefore, those claims are forfeited.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

We affirm the dismissal of this claim against the County because it is impermissibly premised on the theory that a County policy or custom caused the violation of Conway's friends' rights, but not of Conway's rights. That theory is not cognizable under 42 U.S.C. § 1983—Conway must allege that a municipal policy or custom "was the moving force behind" the violation of *his* rights. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (citation omitted).

We affirm the dismissal of Count Seven against Ruiz and Molina because Conway has not pleaded sufficient factual content to draw the inference that Ruiz or Molina "acted with a retaliatory motive." *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019). The Fourth Amended Complaint lacks well-pleaded facts that "nudge[] the[] claim[] across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Absent plausible allegations of a retaliatory motive, the district court properly dismissed Count Seven against Ruiz and Molina. *See Capp*, 940 F.3d at 1053.

We affirm the dismissal of all the previously discussed claims without leave to amend because the district court acted within its discretion in denying further leave. *See Nguyen v. Endologix, Inc.*, 962 F.3d 405, 420 (9th Cir. 2020) (stating that the district court has broad discretion to deny leave to amend when a plaintiff has previously amended the complaint).

6. When the district court dismissed the Fourth Amended Complaint, it dismissed all state and federal claims but granted leave to amend the two state law claims in Counts Two and Three. Conway then filed a Fifth Amended Complaint asserting only those two state law claims. The parties filed supplemental briefing to address whether the district court had subject-matter jurisdiction in this circumstance. We are satisfied that the district court had supplemental jurisdiction over the claims in the Fifth Amended Complaint because they are part of the same "civil action" as the Fourth Amended Complaint, *see* 28 U.S.C. § 1367(a), and we affirm the district court's dismissal of the Fifth Amended Complaint.

The Fifth Amended Complaint asserted claims against the City under the FEHA for (1) failing to engage in a "good faith interactive process" to identify a reasonable accommodation for Conway's disability, and (2) failing to provide Conway with a reasonable accommodation. To state a plausible entitlement to relief on both of his FEHA claims, Conway was required to plead that his disability was known to the City. *See Scotch v. Art Inst. of Cal.*, 93 Cal. Rptr. 3d 338, 352 (Ct. App. 2009); Cal. Gov't Code §§ 12940(m)–(n). But it is insufficient to allege merely that the City knew that Conway suffered from some disability—Conway was also required to allege that the City knew of the limitations caused by the disability or that those limitations were obvious. *Scotch*, 93 Cal. Rptr. 3d at 360–61; *see Avila v. Cont'l Airlines, Inc.*, 82 Cal. Rptr. 3d 440, 453 (Ct. App. 2008).

7

"Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice of its obligations." *Soria v. Univision Radio L.A., Inc.*, 210 Cal. Rptr. 3d 59, 78 (Ct. App. 2016) (quoting *Brundage v. Hahn*, 66 Cal. Rptr. 2d 830, 836 (Ct. App. 1997)).

The Fifth Amended Complaint lacks allegations demonstrating that the City knew about Conway's disability and its resulting limitations. The bare facts that Conway intermittently wore a knee brace to work, requested time off for medical appointments, and requested a larger work truck are insufficient to plausibly allege that his limitations were obvious or that Conway met his burden of "specifically identify[ing] the disability and resulting limitations." *Scotch*, 93 Cal. Rptr. 3d at 360–61 (citation omitted). Conway's failure to plausibly allege that the City knew "about the nature and extent of [his] claimed disabilities . . . is fatal to his interactive process and accommodation claims." *Doe v. Dep't of Corr. & Rehab.*, 255 Cal. Rptr. 3d 910, 926 (Ct. App. 2019). And the district court did not abuse its discretion by denying further leave to amend. *See Nguyen*, 962 F.3d at 420.

**AFFIRMED.**

8