**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DONALD WALDEN, JR.; NATHAN ECHEVERRIA; AARON DICUS; BRENT EVERIST; TRAVIS ZUFELT; TIMOTHY RIDENOUR; DANIEL TRACY, on behalf of themselves and all others similarly situated,
*Plaintiffs-Appellees*,

v.

STATE OF NEVADA; NEVADA DEPARTMENT OF CORRECTIONS,
*Defendants-Appellants*.

No. 18-15691

D.C. No. CV 14-0320 MMD

ORDER AND AMENDED OPINION

Appeal from the United States District Court for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted March 13, 2019
San Francisco, California

Filed October 16, 2019
Amended December 23, 2019

Before: Eugene E. Siler,[*] A. Wallace Tashima,
and M. Margaret McKeown, Circuit Judges.

Order;
Opinion by Judge Tashima

## SUMMARY[**]

### Sovereign Immunity

The panel filed (1) an order withdrawing its opinion and substituting in its place an amended opinion, denying a petition for panel rehearing, and denying on behalf of the court a petition for rehearing en banc; and (2) an amended opinion affirming the district court's holding that the State of Nevada waived its Eleventh Amendment sovereign immunity as to plaintiffs' Fair Labor Standards Act claims when the State removed the case from state court to federal court.

Extending the holding of *Embury v. King*, 361 F.3d 562 (9th Cir. 2004), the panel held that a State that removes a case to federal court waives its immunity from suit on all federal-law claims in the case, including those federal-law claims that Congress failed to apply to the states through unequivocal and valid abrogation of their Eleventh Amendment immunity.

---

[*] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Richard I. Dreitzer (argued), James T. Tucker, and Sheri Thome, Wilson Elser Moskowitz Edelman & Dicker LLP, Las Vegas, Nevada; Aaron Ford, Attorney General; Heidi Parry Stern, Solicitor General; Steve Shevorski, Ketan D. Bhirud, Theresa M. Haar; Office of the Attorney General, Las Vegas, Nevada; for Defendants-Appellants.

Joshua D. Buck (argued), Mark R. Thierman and Leah L. Jones, Thierman Buck LLP, Reno, Nevada, for Plaintiffs-Appellees.

**ORDER**

The Opinion filed October 16, 2019, and reported at 941 F.3d 350, is withdrawn and the Amended Opinion filed concurrently with this Order is substituted in its place.

With the filing of the Amended Opinion, the panel has voted to deny the petition for panel rehearing. Judge McKeown votes to deny the petition for rehearing en banc and Judges Siler and Tashima so recommend. The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on en banc rehearing. *See* Fed. R. App. P. 35(f). The petition for panel rehearing and the petition for rehearing en banc are denied. No further petitions for panel rehearing or rehearing en banc will be entertained.

## OPINION

TASHIMA, Circuit Judge:

Plaintiffs-Appellees ("Plaintiffs") are a group of correctional officers who allege violations of the Fair Labor Standards Act ("FLSA") by Defendants-Appellants State of Nevada and the Nevada Department of Corrections (together, "Nevada"). Nevada removed the case from state court to federal court, then moved for judgment on the pleadings based on state sovereign immunity from suit. We have previously held that a State's removal of a suit from state to federal court waives state sovereign immunity from suit on certain federal-law claims. *Embury v. King*, 361 F.3d 562 (9th Cir. 2004). But *Embury*'s holding did not cover federal-law claims that Congress did not apply to the states through unequivocal and valid abrogation of their Eleventh Amendment immunity. *Id.* at 566 n.20. We now hold that a State that removes a case to federal court waives its immunity from suit on all federal-law claims in the case, including those federal-law claims that Congress failed to apply to the states through unequivocal and valid abrogation of their Eleventh Amendment immunity.

## BACKGROUND

Plaintiffs allege that Nevada has not compensated them for time that they spent working before or after scheduled shifts at state prisons and correctional facilities. Plaintiffs allege wage and overtime claims under the FLSA, failure to pay minimum wages under Nevada's Constitution, failure to pay overtime as required by Nev. Rev. Stat. § 284.180, and breach of contract.

Plaintiffs filed this action in state court. Nevada removed the case to federal court and then answered the complaint. In its answer, Nevada pleaded the affirmative defense that "Defendant is immune from liability as a matter of law," but did not explicitly mention state sovereign immunity or the Eleventh Amendment. Upon Plaintiffs' motion, the district court granted conditional certification of the FLSA collective action and ordered notice be sent to all current and former non-exempt hourly paid employees who were employed by the Nevada Department of Corrections as correctional officers at any time from May 12, 2011 to the date of the order (March 16, 2015). In total, 542 current and former employees have opted into this action.

On March 1, 2018, the district court *sua sponte* requested supplemental briefing on the issue of whether "the doctrine of state sovereign immunity [applied] to the FLSA claims against the State of Nevada as brought in federal court." This issue had not been raised at all until this point of the litigation, almost four years after the complaint was filed and after significant discovery had been completed, notwithstanding the affirmative defense Nevada raised in its answer, that "Defendant is immune from liability as a matter of law." In that order, the district court noted that although the FLSA confers subject-matter jurisdiction in federal court, the district court might be "barred from adjudicating the FLSA claims and this case should be remanded" because "[u]nder Nev. Rev. Stat. § 41.031(3), the state of Nevada has explicitly refused to waive its sovereign immunity in suits brought by state citizens in federal court."

After supplemental briefing, the district court held that the State had waived its sovereign immunity as to Plaintiffs' FLSA claims, and denied Nevada's motion to dismiss those

claims. The district court's discussion of Nevada's waiver of sovereign immunity was limited to a short paragraph:

> After reviewing the supplemental briefs . . . , the Court is convinced that Nevada has waived its sovereign immunity in this Court. The Supreme Court has held that a state's removal of suit to federal court constitutes a waiver of its Eleventh Amendment immunity. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002). Here, the State of Nevada removed this action from state court. Therefore, it has waived its sovereign immunity.

The district court also denied Nevada's motion to dismiss the FLSA claims, but dismissed Plaintiffs' Nev. Rev. Stat. § 284.180 and breach of contract claims. The parties then stipulated to the dismissal of Plaintiffs' minimum wage claim under Nevada's Constitution, leaving only the FLSA claims which are at issue on this appeal.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under the collateral order doctrine of 28 U.S.C. § 1291. The denial of a State's motion for judgment on the pleadings on the grounds of Eleventh Amendment immunity, although an interlocutory order, need not await a final judgment to be appealable. *Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 792 (9th Cir. 2004).

Under the collateral order doctrine, we have appellate jurisdiction under § 1291 to consider a State's claims of

immunity from suit, but there is no such appellate jurisdiction to consider claims of immunity from liability. *Taylor v. Cty. of Pima*, 913 F.3d 930, 934 (9th Cir. 2019). Under *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993), an ordinary claim of Eleventh Amendment immunity encompasses a claim of immunity from suit. But when a State defendant asserting immunity declares that "it was asserting *only* immunity from liability," then the collateral-order doctrine of § 1291 does not apply and there is no appellate jurisdiction. *Taylor*, 913 F.3d at 934. Nevada's briefing is not clear whether it is asserting *only* immunity from liability or also immunity from suit, as Nevada appears to use these terms interchangeably. But Nevada clarified at oral argument that it is in fact asserting both immunity from liability and immunity from suit. Because Nevada asserts both immunity from liability and immunity from suit, we have jurisdiction to hear the appeal.[1] *See id*.

The existence of sovereign immunity under the Eleventh Amendment is a question of law reviewed de novo. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016). Whether immunity has been waived is also a question of law reviewed de novo. *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001).

---

[1] As explained above, because we have interlocutory appellate jurisdiction only of "claims of immunity from suit," and not of "claims of immunity from liability," the following discussion – and holding – applies only to the former claim of immunity from suit. We express no opinion on the claim of immunity from liability.

## DISCUSSION

The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other states, U.S. Const. amend. XI, and by its own citizens as well, *Hans v. Louisiana*, 134 U.S. 1 (1890).  The question before us is whether Nevada waived its sovereign immunity by removing Plaintiffs' FLSA claims to federal court.

States can waive their Eleventh Amendment sovereign immunity from suit in state and federal court.  *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618–21 (2002). A State's decision voluntarily to invoke the jurisdiction of a federal court by removing an action from state court to federal court can waive Eleventh Amendment immunity, but this general "voluntary invocation" principle does not apply in all circumstances.  *Id.*  Many states statutorily waive their immunity from suit on state-law claims in state court.  *See, e.g.*, Nev. Rev. Stat. § 41.031.  The Supreme Court has held that, when a State that has enacted one of these statutes voluntarily removes a suit on state-law claims from state court to federal court, that State waives its Eleventh Amendment immunity from suit.  *Lapides*, 535 U.S. at 618–21.

In *Lapides*, a plaintiff brought a § 1983 and state tort law action against the State of Georgia in state court.  *Id.* at 616. The Georgia legislature had passed a statute expressly waiving Georgia's sovereign immunity to state law claims filed in state court.  *See id.*;  Ga. Code Ann. § 50-21-23. Georgia removed the plaintiff's suit to federal court and moved to dismiss on the ground of Eleventh Amendment immunity, even though it conceded that its own state statute

had waived its sovereign immunity from state-law claims in state court. *Lapides*, 535 U.S. at 616.

At the outset of its opinion, the Supreme Court determined that the sole federal claim in *Lapides*, which sought monetary damages under 42 U.S.C. § 1983, was invalid because Georgia was "not a 'person' against whom a § 1983 claim for money damages might be asserted." *Id.* at 617. Consequently, the Supreme Court began its opinion by "limit[ing]" its decision to the peculiar procedural circumstances of that case—that is, "to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings." *Id.*; *see also id.* at 617–18 (emphasizing that the Court did not "need [to] address the scope of waiver by removal in a situation where the State's underlying sovereign immunity from suit has not been waived or abrogated in state court").

The Court discussed the consequences of Georgia's decision to remove the case:

> It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the "Judicial Power of the United States" extends to the case at hand.

*Id.* at 619. Observing that it had previously held that a "State's voluntary appearance in federal court amounted to a waiver of its Eleventh Amendment immunity," *id.* (citing *Clark v. Barnard*, 108 U.S. 436, 447 (1883)), the Court

reasoned that a State similarly expresses its intent to "voluntarily invoke[ ] the federal court's jurisdiction" by "voluntarily agree[ing] to remove the case to federal court." *Id.* at 620. Unable to discern "something special about removal or about this case," the Court concluded that the "general legal principle requiring waiver" when a State voluntarily invokes judicial authority "ought to apply" in order to prevent states from "achiev[ing] unfair tactical advantages." *Id.* at 620, 621. Therefore, under *Lapides*, a State that statutorily waives its immunity from suit on state-law claims in state court also waives its Eleventh Amendment immunity from suit on the same state-law claims when it voluntarily removes a state-law-claim case to federal court. *Id.* at 624.

The Ninth Circuit built on *Lapides* in *Embury*, holding that a State's removal of a suit from state court to federal court waives Eleventh Amendment immunity from suit for certain federal-law claims. In *Embury*, a physician sued the Regents of the University of California in state court for wrongful discharge, in violation of his due process rights under the federal and state Constitutions and in violation of state labor law. 361 F.3d at 563. After the State defendants removed the case to federal court, the district court dismissed the case with leave to amend. *Id.* Embury then amended his complaint, and defendants again moved to dismiss, this time asserting Eleventh Amendment immunity. *Id.* We "conclude[d] that the rule in *Lapides* applies to federal claims as well as to state law claims and to claims asserted after removal as well as to those asserted before removal." *Id.* at 564. Noting that the defendants had conceded that they were stuck with federal jurisdiction over Embury's state law claims, we reasoned:

> Nothing in the reasoning of *Lapides* supports limiting the waiver to the claims asserted in the original complaint, or to state law claims only. Indeed, it makes no sense that the State does not object to having state law questions resolved by a federal tribunal—where federal jurisdiction cannot even be obtained but for federal claims asserted in the same case—yet objects to federal jurisdiction over the federal claims.

*Id*. The *Embury* court stated that it would "instead hold to a straightforward, easy-to-administer rule in accord with *Lapides*: Removal waives Eleventh Amendment immunity." *Id.* at 566.

This case would be definitively controlled by *Embury* were it not for a footnote that contains an important limitation to its holding; *Embury* expressly did "not decide whether a removing State defendant remains immunized from federal claims that Congress failed to apply to the States through unequivocal and valid abrogation of their Eleventh Amendment immunity." *Id.* at 566 n.20. Congress' enactment of the FLSA did not abrogate a State's sovereign immunity from suit in federal court. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72–73 (1996); *Quillen v. Oregon*, 127 F.3d 1136, 1139 (9th Cir. 1997).[2] Although many FLSA

---

[2] In *Hale v. Arizona*, 993 F.2d 1387 (9th Cir. 1993) (en banc), we held that "Congress has made unmistakably clear its intention to apply the FLSA to the States," and, thus, had "abrogate[d] the states' Eleventh Amendment immunity." *Id.* at 1391. Subsequently, however, the Supreme Court held in *Seminole Tribe* that "[t]he Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal

protections apply to state employees, *see Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985), the Ninth Circuit has held that federal courts lack jurisdiction over FLSA cases brought against States in the absence of a waiver of immunity. *Quillin*, 127 F.3d at 1139. Therefore, this case falls within the scope of *Embury*'s Footnote 20, meaning that neither *Lapides* nor *Embury* entirely controls the outcome of this issue. Because this case involves a statute that Congress has not applied to the States through unequivocal and valid abrogation, we are faced with an issue of first impression in the Ninth Circuit.[3]

Relying on the reasoning of *Lapides* and *Embury*, we now hold that a State defendant that removes a case to federal court waives its immunity from suit on all federal-law claims in the case, including those claims that Congress failed to

---

jurisdiction." 517 U.S. at 72–73. Thus, because *Hale* is "clearly irreconcilable" with *Seminole Tribe*, *Hale*'s holding has been abrogated by *Seminole Tribe. See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

[3] Other circuits' approaches to interpreting *Lapides* are not uniform. "As a result of the tension between *Lapides*'s express limitations on its own holding and [its] general language, courts are divided on whether *Lapides* indicates that a State defendant's removal to federal court waives its Eleventh Amendment immunity if the State has not waived its immunity to suit in state court." *Bodi v. Shingle Springs Band of Miwok Indians*, 832 F.3d 1011, 1019 (9th Cir. 2016) (discussing *Lapides*, but holding that its waiver-through-removal reasoning does not apply in the context of tribal immunity). Some circuits have simply opted for a narrow reading of *Lapides. See, e.g.*, *Bergemann v. R.I. Dep't of Envtl. Mgmt.*, 665 F.3d 336, 341 (1st Cir. 2011). Others have read Lapides to state a more general rule. *See, e.g.*, *Bd. of Regents of Univ. of Wis. Sys. v. Phx. Int'l Software, Inc.*, 653 F.3d 448, 460–71 (7th Cir. 2011); *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 242 (5th Cir. 2005); *Estes v. Wyo. Dep't of Transp.*, 302 F.3d 1200, 1205 n.1, 1206 (10th Cir. 2002).

apply to the States through unequivocal and valid abrogation of their Eleventh Amendment immunity. Essentially, we extend *Embury*'s "removal means waiver" rule to those circumstances left open in Footnote 20. In *Embury*, we indicated a very strong preference for a clear jurisdictional rule. 361 F.3d at 566 ("Allowing a State to waive immunity to remove a case to federal court, then 'unwaive' it to assert that the federal court could not act, would create a new definition of chutzpah. We decline to give the State such unlimited leeway, and instead hold to a straightforward, easy-to-administer rule in accord with *Lapides*: Removal waives Eleventh Amendment immunity."). Even though *Embury*'s footnote expressly left open the question of whether a removing State defendant remains immunized from certain federal claims like those under the FLSA, *Embury*'s strong preference for a straightforward, easy-to-administer rule supports our holding that removal waives Eleventh Amendment immunity for all federal claims.

In the context of waiver of state-law claims in federal court, we have held that, "Eleventh Amendment immunity is an affirmative defense that must be raised early in the proceedings to provide fair warning to the plaintiff." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (internal quotation marks omitted). "Express waiver is not required; a state 'waive[s] its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity.'" *Id.* (quoting *Ariz. ex rel. Indus. Comm'n v. Bliemeister (In re Bliemeister)*, 296 F.3d 858, 861 (9th Cir. 2002)). Here, Nevada only points to one place in the first four years of active litigation where it arguably raised the issue of state sovereign immunity: the line in the Answer that said, "Defendant is immune from liability as a matter of law." This line does not even mention "state sovereignty" or "the

Eleventh Amendment." The issue of state sovereign immunity was not raised early enough in the proceedings to provide fair notice to Plaintiffs. Therefore, to allow Nevada to assert Eleventh Amendment immunity now would give Nevada a significant tactical advantage in this litigation and would "generate seriously unfair results." *Lapides*, 535 U.S. at 619.

Furthermore, the reasoning of *Lapides* also supports extending the holding of *Embury* to cover cases like this one. As discussed above, the *Lapides* Court reasoned:

> It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the "Judicial Power of the United States" extends to the case at hand.

*Lapides*, 535 U.S. at 619. The Court concluded that the "general legal principle requiring waiver" when a State voluntarily invokes judicial authority "ought to apply" in order to prevent states from "achiev[ing] unfair tactical advantages." *Id.* at 620, 621. "A benign motive, however, cannot make the critical difference . . . . Motives are difficult to evaluate, while jurisdictional rules should be clear." *Id.* at 621. Therefore, we conclude that *Lapides*' reasoning supports our holding that removal means waiver for all federal-law claims in the case.

Forcing a State to waive sovereign immunity whenever it removes a case to a federal court might lead to unfair results

for the State in some circumstances. *See Bergemann*, 665 F.3d at 342. But these concerns are not strong enough to overcome the need for a clear jurisdictional rule. *See Lapides*, 535 U.S. at 621. A State defendant that removes a case to federal court waives its immunity from suit on all federal-law claims brought by the plaintiff. Here, Nevada waived its Eleventh Amendment immunity from Plaintiffs' FLSA claims by removing the case to federal court.

## CONCLUSION

For the foregoing reasons, we affirm the district court's holding that Nevada waived its Eleventh Amendment immunity as to Plaintiffs' FLSA claims when it removed this case to federal court. In doing so, we extend the holding of *Embury* to cover all federal-law claims, even when those federal claims are ones Congress did not apply to the States through unequivocal and valid abrogation of their Eleventh Amendment immunity.[4]

**AFFIRMED.**

---

[4] Because we affirm on the waiver-by-removal ground, we do not address Plaintiffs' alternate argument that Nevada has waived sovereign immunity from FLSA claims by enacting Nev. Rev. Stat. § 41.031.