NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS CARDENAS-ORNELAS,

Plaintiff - Appellee,

v.

CALVIN JOHNSON; HAROLD
WICKHAM; CHARLES
DANIELS; GARY PICCININI; TIMOTHY
STRUCK; ROBERT OWENS; JESSIE
BRIGHTWELL; MANUEL
PORTILLO; TIMOTHY JOHNSON,

Defendants - Appellants,

and

J. ALCOCK, JULIO CALDERIN,

Defendants.

No. 24-6755

D.C. No.
2:21-cv-00030-ART-MDC

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Argued and Submitted October 9, 2025
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Luis Cardenas-Ornelas, a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), brought this action pursuant to 42 U.S.C. § 1983, alleging that staff at High Desert State Prison ("HDSP") denied him outdoor exercise in violation of the Eighth Amendment and treated him and his unit differently from others in violation of the Fourteenth Amendment. Cardenas-Ornelas also brought analogous claims under the Nevada Constitution. The district court denied summary judgment on certain of these claims against Warden Calvin Johnson, and Warden Johnson appealed. We analyzed the district court's denial of qualified immunity in an accompanying opinion and now turn to Warden Johnson's other arguments.

*1.* We have jurisdiction to review the district court's denial of Warden Johnson's claim that Nevada's Eleventh Amendment immunity provided Warden Johnson complete immunity from suit. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).[1] We review de novo, as a question of law, "[a] state instrumentality's Eleventh Amendment sovereign immunity." *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1152 (9th Cir. 2018).

*2.* Warden Johnson argues that the district court improperly considered factual allegations that postdated December 30, 2020, the date on which Cardenas-Ornelas signed his complaint. This argument relies on the general rule that a plaintiff may

---

[1] Unlike the appellant in *Taylor v. County of Pima*, 913 F.3d 930, 934 (9th Cir. 2019), Warden Johnson asserts an immunity from suit, not an immunity from liability. *Taylor* therefore does not apply.

not present new factual allegations at summary judgment in violation of the fair notice requirement imposed by Federal Rule of Civil Procedure 8(a)(2). *See Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006). And under Federal Rule of Civil Procedure 15(d), a party must seek the district court's leave "to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the filing of the pleading." 6A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1504 (3d ed. 2025); *see also Thorp v. District of Columbia*, 325 F.R.D. 510, 514 (D.D.C. 2018) (denying leave to file a supplemental complaint after discovery had closed in an action brought in part under § 1983).

But in civil rights cases, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, we liberally construe the summary judgment appendix filed by Cardenas-Ornelas as having supplemented his complaint to allege continuing violations through July 27, 2021. And we understand the district court's summary judgment decision as having granted leave under Rule 15(d) to supplement the complaint in that fashion. *See Garrett v. Wexford Health*, 938 F.3d 69, 81 n.17 (9th Cir. 2019). This was proper because prior filings notified Defendants that Cardenas-Ornelas was alleging an ongoing violation of his constitutional rights. *Cf. Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) (holding that *pro se* prisoner's "RLUIPA claim was presented to the district court because his complaint and

subsequent filings provided [the defendants] with 'fair notice' of that claim"). And Defendants have demonstrated no resulting prejudice. Allowing Cardenas-Ornelas to supplement the complaint was therefore "well within the district court's discretion under [Rule] 15(d), which is designed to permit expansion of the scope of existing litigation to include events that occur after the filing of the original complaint." *Keith v. Volpe*, 858 F.2d 467, 471 (9th Cir. 1988).

**3.** Warden Johnson contends that Nevada's sovereign immunity bars Cardenas-Ornelas's state law claims against him because the State has conditioned its waiver of sovereign immunity on being named a party defendant, and Eleventh Amendment immunity bars any action in federal court against Nevada.

We conclude that the district court lacked jurisdiction to consider Cardenas-Ornelas's claims against Warden Johnson brought under the Nevada Constitution. "The Eleventh Amendment grants a State immunity from suit in federal court . . . by its own citizens . . . ." *Walden v. Nevada*, 945 F.3d 1088, 1092 (9th Cir. 2019). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011) (citation omitted). "But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* at 254.

Under Nevada Revised Statute § 41.0337, "[n]o tort action arising out of an act or omission within the scope of a person's public duties or employment may be brought against any present or former" NDOC officer or employee "unless the State or appropriate political subdivision is named a party defendant under [NEV. REV. STAT. § 41.031]." NEV. REV. STAT. § 41.0337. In other words, for certain tort actions, Nevada has conditioned its waiver of sovereign immunity on being named a party defendant. *See id.* Thus, to sue NDOC officers under state law in this action, Cardenas-Ornelas was required under § 41.0337 to name Nevada as a defendant. *See id.* But he could not do so in federal court because Nevada has not waived its Eleventh Amendment immunity from suit in federal court, and Congress has not abrogated state sovereign immunity for actions brought under 42 U.S.C. § 1983. *See O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) (first citing NEV. REV. STAT. § 41.031(3); and then citing *Quern v. Jordan*, 440 U.S. 332, 338–41 (1979)). Accordingly, the district court lacked jurisdiction over Cardenas-Ornelas's state law claims. *See Stewart*, 563 U.S. at 254.[2]

We **AFFIRM** in part and **REVERSE** in part as discussed in this memorandum disposition and in our concurrently filed opinion, and remand for further proceedings consistent with our decisions.

---

[2] We decline to reach whether the relevant clauses of the Nevada Constitution provide implied private rights of action for damages under the framework outlined in *Mack v. Williams*, 522 P.3d 434 (Nev. 2022).